UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20094-CIV-MARTINEZ-BANDSTRA

PETER CUERVO, for and in
behalf of himself and other employees
similarly situated,

      Plaintiff,

v.

THE CITY OF CORAL GABLES,

      Defendant.
_____/

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND TO DISMISS ACTION WITH PREJUDICE

The parties, through their respective undersigned counsel, hereby file this Joint Motion to Approve Settlement Agreement and to Dismiss Action with Prejudice.

### ARGUMENT AND CITATION OF AUTHORITY

The Complaint in this matter was filed on or about January 11, 2008. Plaintiff and opt-in Plaintiffs allege that Defendant violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), by failing to include in the calculation of the regular rate shift differentials, agreed to in a collective bargaining agreement between the Fraternal Order of Police, Lodge No. 7 ("FOP"), and the City, for individuals who worked extended shifts or call-ins on the afternoon and midnight shifts. The City denies any wrongdoing under the FLSA, and denies that it owes Plaintiff and opt-in Plaintiffs any additional compensation. However, to avoid the costs and uncertainty of litigation, the parties have negotiated a settlement in this matter. A copy of the Settlement Agreement is attached hereto as Exhibit 1. Pursuant to Lynn's Food Stores, Inc. v.

United States, 679 F.2d 1350 (11th Cir. 1982), claims for back wages arising under the FLSA may be settled or compromised only with the approval of the district court or the Secretary of Labor. To approve the settlement, the court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. See id. Accordingly, the terms of the Settlement Agreement are contingent upon approval by the Court.

Pursuant to the attached Agreement, the City is paying a sum of money in full and final settlement of all back wages, other damages, interest, attorneys' fees and costs that could have been recovered pursuant to this action. In exchange, Plaintiff and opt-in Plaintiffs agree to dismissal of this action with prejudice and to release all claims having to do with the non-payment or under payment of minimum wage or overtime having to do with shift differentials, including those brought or that could have been brought in connection with this matter. The City does not admit any liability or wrongdoing under the FLSA. The parties specifically request that this Court retain jurisdiction to enforce the terms of the settlement. The parties agree that the above-delineated settlement terms represent a fair and equitable resolution of this matter.

Plaintiffs were provided with notice of the Settlement pursuant to a notice procedure agreed to by the City and the FOP. Pursuant to this procedure, each officer within the bargaining unit represented by the FOP received notice of the action and settlement. (An example of the notices that were provided is attached to this Joint Motion as Exhibit 2.) Specifically, each individual received a memorandum from the City's Human Resources Director that included an explanation of the lawsuit, the settlement, the individual's recovery amount, and provided them with ten (10) days' to file objections with the parties and Opt-in if they had not already done so. Attached to the memorandum was a copy of the settlement agreement, with its three (3) attachments (i.e., list of Opt-in Plaintiffs, Joint Motion to Approve Settlement Agreement and to

Dismiss Action With Prejudice, and a spreadsheet indicating the allocation of the recovery amounts to the Plaintiffs). When it was uncovered that there was an error in the City's calculations, a second notice was provided to each officer who was in the FOP bargaining unit during the recovery period explaining the error and providing new calculations. (A copy of this notice is also attached at Exhibit 2.) Accordingly, every potential claimant (i.e., individuals in classifications included within the bargaining unit represented by the FOP) received notice of the action, settlement, and recovery.

Accordingly, the parties respectfully request that the Court enter an Order approving the terms of the Settlement Agreement, dismissing this action with prejudice, and retaining jurisdiction to enforce the terms of the settlement.

July 23, 2008  
Miami, Florida

Respectfully submitted,

| | |
|---|---|
| **PHILLIPS & RICHARD, PA**<br>9360 S.W. 72nd Street, Suite 283<br>Miami, Florida 33173<br>Telephone: (305) 412-8322<br>Facsimile: (305) 412-8299 | **BRYANT, MILLER, OLIVE, P.A.**<br>One Biscayne Tower<br>2 South Biscayne Boulevard, Suite 1480<br>Miami, FL 33131<br>Telephone: (305) 374-7349<br>Facsimile: (305) 374-0895 |
| By: /s Kathleen Phillips<br>    Kathleen Phillips, Esq.<br>    Florida Bar No. 287873<br>    E-mail: kphillips@phillipsrichard.com<br>    Attorneys for Plaintiff Peter Cuervo<br>        and Opt-In Plaintiffs | By: /s Denise M. Heekin<br>    Denise M. Heekin, Esq.<br>    Florida Bar No. 892998<br>    E-Mail: dheekin@bmolaw.com<br>    James C. Crosland, Esq.<br>    Florida Bar No. 171389<br>    E-Mail: jcrosland@bmolaw.com<br>    Attorneys for Defendant City of Coral Gables |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20094-CIV-MARTINEZ-BANDSTRA

PETER CUERVO, for and in
behalf of himself and other employees
similarly situated,

       Plaintiff,

v.

THE CITY OF CORAL GABLES,

       Defendant.
_____/

## ORDER GRANTING JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND DISMISSING ACTION WITH PREJUDICE

THIS CAUSE came before the Court on the parties' Joint Motion to Approve Settlement Agreement and to Dismiss Action With Prejudice. The Court having reviewed the case file, it is hereby

ORDERED AND ADJUDGED that the Joint Motion is GRANTED. The Court finds that the settlement agreement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions, and accordingly, the terms of the settlement are approved. Furthermore, this case is dismissed with prejudice, with each party to bear its own attorney's fees and costs, except as otherwise agreed between the parties in the Settlement Agreement. This Court will retain jurisdiction to enforce the terms of the Settlement Agreement.

DONE AND ORDERED in Chambers in Miami-Dade County, Florida, this _____ day of _____, 2008.

                                                _____
                                                HONORABLE JOSE E. MARTINEZ
                                                UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Bandstra
All Counsel of Record

00256187

- 5 -

## SERVICE LIST

CASE NO. 08-20094-CIV-MARTINEZ-BANDSTRA

| | |
|---|---|
| Kathleen Phillips, Esquire<br>kphillips@phillipsrichard.com<br>PHILLIPS & RICHARD, P.A.<br>9360 S.W. 72nd Street, Suite 283<br>Miami, Florida  33173<br>Telephone:  (305) 412-8322<br>Facsimile:  (305) 412-8299<br>Counsel for Plaintiff Peter Cuervo and All Opt-in Plaintiffs | Denise M. Heekin, Esquire<br>dheekin@bmolaw.com<br>James C. Crosland, Esquire<br>jcrosland@bmolaw.com<br>BRYANT, MILLER, OLIVE, P.A.<br>One Biscayne Tower<br>2 South Biscayne Boulevard, Suite 1480<br>Miami, Florida  33131<br>Telephone: (305) 374-7349<br>Facsimile: (305) 374-0895<br>Counsel for Defendant City of Coral Gables |

00256187